UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JESSIE NOBLES

VERSUS

TOWN OF KILLIAN, ET AL.

CIVIL ACTION

NO. 11-311-JJB-SCR

## UNIFORM PRETRIAL NOTICE

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a pretrial conference will be held in chambers in this proceeding on **THURSDAY, NOVEMBER 29, 2012, AT 2:30 P.M.**, before James J. Brady, United States District Judge. **ACTUAL TRIAL COUNSEL IS REQUIRED TO ATTEND THE CONFERENCE**, i.e. the attorney attending the conference WILL BE THE TRIAL ATTORNEY. In the event that the assigned pretrial conference date presents an irreconcilable scheduling conflict or good cause otherwise exists, any counsel or unrepresented party may upon written motion filed with **fifteen (15) days** of the filing of this order request that the pretrial conference be upset and reassigned.

## I. PRETRIAL ORDER REQUIREMENTS

Counsel for the plaintiff(s), with the cooperation and assistance of all other counsel and any unrepresented parties, shall prepare a written pretrial order in this case to be signed by all counsel of record and then submitted to the Court not later than **Thursday, November 15, 2012.** In the event that there is any disagreement with the content of the pretrial order or any part thereof, the objecting counsel or party shall attach an opposition to the pretrial order prior to its submission to the Court. A completed pretrial order, approved as to form for use in this Court, is attached to this notice.

The pretrial order shall contain the following information:

1. The specific statute(s) or other authority upon which federal subject matter **JURISDICTION** is founded and any jurisdictional questions raised by any party.

2. A list of all pending **MOTIONS**, if any, and specific issues raised in those pending motions.

3. A *brief* statement of the **PLAINTIFF'S CLAIMS.**

4. A *brief* statement of the **DEFENDANT'S CLAIMS.**

5. A *brief* statement of the **CLAIMS OF OTHER PARTIES**, if any.

6. **FACTS ESTABLISHED** by pleadings or by stipulation of counsel.

7. (a) A list of all **EXHIBITS** (except documents for impeachment only) to be offered in evidence by all parties.

    (b) As to each listed exhibit, a representation that:

    i. There are, or are not, objections to the **AUTHENTICITY** of the exhibit and the reasons therefore;

    ii. Objections, if any, to the **ADMISSIBILITY** of exhibits need **not** be addressed in the pretrial order, but will instead be presented to the Court by motions in limine and pretrial memoranda to be filed at a time to be set by the Court at the pretrial conference.

8. (a) List all **WITNESSES** for each party, including their names, addresses and a brief statement as to the nature of their expected testimony together with a representation whether they **WILL** be called to testify or **MAY** be called to testify.

    (b) **WILL CALL** witnesses shall be produced or subpoenaed by the party listing them and made available during the trial in order that such witnesses may be available to opposing counsel as witnesses even if not actually called upon to testify by the party so listing them. This is intended to eliminate the necessity of opposing counsel having to subpoena the same witnesses who are being voluntarily produced or subpoenaed by the party listing them.

    (c) **MAY CALL** witnesses shall be listed on the pretrial order, but there is no obligation to have may-call witnesses subpoenaed and present for the trial.

    (d) The parties shall also designate which of the witnesses, if any, will testify by **WRITTEN OR VIDEOTAPE DEPOSITIONS.** Where written

or video depositions are to be used, the parties shall designate for the Court and all other parties those portions of the deposition which are to be read or shown to the jury not later than twenty one (21) days prior to trial. Only those portions of the deposition which are necessary to a party's case shall be read or played to the jury. Where a video deposition is used, the parties shall file into evidence a written transcript of the deposition.

9. State any **AMENDMENTS** to the pleadings and what objections, if any, there may be to any proposed amendments.

10. State any **ADDITIONAL MATTERS** which may aid in the disposition of the case, including, e.g., settlement possibilities, whether the parties wish to engage in a summary jury trial, arbitration, mediation and/or trial before the United States Magistrate Judge, and an estimate of the probable length of the trial.

## II. ADDITIONAL INSTRUCTIONS

1. **State** whether this matter is a jury or a non-jury trial.

2. *NON-JURY TRIALS.* In non-jury trials, proposed findings of fact and conclusions of law, and bench books of exhibits marked for identification with numbers to be used at trial, and pretrial briefs shall be filed in duplicate with the Court no later than twenty-one (21) days prior to trial.

3. *JURY TRIALS.* In jury trials, proposed jury instructions, voir dire questions, jury interrogatories, bench books of exhibits marked for identification with numbers to be used at trial, and pretrial briefs shall be filed in duplicate with the Court no later than twenty-one (21) days prior to trial. Jury instructions relating to the Court's general charge, that is, those charges which pertain to the function of the jury, credibility of witnesses, burden of proof, and similar matters, need not be filed with the Court unless the case presents unusual circumstances in which special instructions on these matters are desired, or are otherwise ordered by the Court at the pretrial conference.

4. *PLEASE ESTIMATE THE LENGTH OF TIME EACH SIDE REQUIRES FOR PRESENTATION OF THEIR EVIDENCE.*

5. *EXCEPT FOR GOOD CAUSE SHOWN, ONLY EXHIBITS AND WITNESSES LISTED IN THE PRETRIAL ORDER, OR PERMITTED TO BE LISTED IN AN AMENDMENT TO THE PRETRIAL ORDER, SHALL BE ADMITTED IN EVIDENCE OR ALLOWED TO TESTIFY.*

6. *ALL MOTIONS IN LIMINE SHALL BE FILED NO LESS THAN 45 DAYS PRIOR TO THE DATE OF THE TRIAL UNLESS OTHERWISE ORDERED BY THE COURT.*

Baton Rouge, Louisiana, <u>July 18, 2012</u>.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

By: *Suzie Edwards*

Suzie Edwards
Courtroom Deputy

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL PLAINTIFF, ET AL

VERSUS

DANNY DEFENDANT, ET AL

CIVIL ACTION

NO. 12-????

## UNIFORM PRETRIAL ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a pretrial conference was conducted in this proceeding by James J. Brady, United States District Judge, on the ___ day of _____, 2012.

PRESENT: Appeared as Trial Counsel for Plaintiff(s)

Appeared as Trial Counsel for Defendant(s)

### 1. JURISDICTION

This Court has subject matter jurisdiction in this proceeding under the provisions of 28 USC §1332. The plaintiff is a citizen of the State of Louisiana and the defendant is a citizen of the State of Illinois and the amount in controversy exceeds, exclusive of interest and costs, the necessary jurisdictional amount.

### 2. MOTIONS

There are no pending motions. The defendant will file a Motion in Limine to exclude certain photographs from evidence at trial on the basis that they are unnecessarily gruesome and unlikely to assist the jury in resolving any disputed issues of fact.

### 3. PLAINTIFF'S CLAIMS

The plaintiff claims that he was seriously injured in an automobile accident in Baton Rouge, Louisiana, on October 19, 2010, and that the accident was caused by the negligence and fault of the defendant driver who ran into the rear of the plaintiff's automobile after he had stopped for a red light. The plaintiff also contends that his injuries in the accident required a long period of hospitalization and made it impossible for him to return to his regular employment as a truck driver for six months, all of which resulted in significant loss of income and out-of-pocket medical and hospital expenses.

### 4. DEFENDANT'S CLAIMS

The defendant denies that he was negligent or otherwise at fault for the occurrence of the accident for which the plaintiff has filed suit, and also claims that the plaintiff had serious health problems for many years prior to the accident and that these problems were not caused or aggravated by any injuries he sustained in the accident.

### 5. CLAIMS OF OTHER PARTIES

None.

### 6. ESTABLISHED FACTS

(1) The plaintiff and defendant were involved in an automobile accident in Baton Rouge, Louisiana, on October 19, 2010.

(2) The plaintiff was hospitalized in the Baton Rouge General Hospital from October 19, 1996 to November 30, 2010.

(3) The plaintiff incurred medical and hospital expenses of $63,480 from October 19, 2010 to March 30, 2011.

## 7. EXHIBITS

(a) The plaintiff will offer the following exhibits at trial:

Exhibit No. 1: Diagram of accident scene;

Exhibit No. 2: Four (4) photographs of accident scene;

Exhibit No. 3: Hospital records from Baton Rouge General Hospital from October 19, 2010 to November 30, 2010;

Exhibit No. 4: Four (4) photographs of injuries to plaintiff's left arm and leg;

Exhibit No. 5: Medical and hospital bills totaling $63,480.

(b) The defendant will offer the following exhibits at trial:

Exhibit No. 1: Three (3) enlarged photographs of accident scene;

Exhibit No. 2: Scale model of accident scene and automobiles;

Exhibit No. 3: Plaintiff's hospital records from Ascension General Hospital from March 1, 2011 to March 30, 2011.

The parties agree that all listed exhibits are authentic, except for defendant's Exhibit No. 2 to which plaintiff objects because it does not correctly depict the scene of the accident.

## 8. WITNESSES

(a) Plaintiff's Will-Call Witnesses:

(1) Paul Plaintiff
 125 Mulberry Street
 Baton Rouge, Louisiana

Plaintiff will testify about the accident and his injuries.

(2) Paulette Plaintiff
125 Mulberry Street
Baton Rouge, Louisiana

Plaintiff's wife will testify about her husband's injuries.

(3) Walter Witness
128 Mulberry Street
Baton Rouge, Louisiana

This is an eyewitness who will testify about the accident.

(4) Dr. Tom Terry
350 Medical Plaza
Baton Rouge, Louisiana

The plaintiff's treating physician will testify about his injuries.

(5) Edwin Employer
ABC Manufacturing
150 Industrial Boulevard
Baton Rouge, Louisiana

The plaintiff's employer will testify about his lost wages.

(6) Danny Defendant
140 Elm Street
Baton Rouge, Louisiana

The defendant will testify about how the accident occurred under cross-examination.

(b) Plaintiff's May-Call Witnesses:

(1) Virginia Smith
165 Sharp Road
Baton Rouge, Louisiana 70815

Plaintiff's neighbor may testify about plaintiff's activities prior to and after the accident.

(c) Defendant's Witnesses:

(1) Danny Defendant
125 Mulberry Street
Baton Rouge, Louisiana

Defendant will testify about the accident.

(2) Paul Plaintiff
125 Mulberry Street
Baton Rouge, Louisiana

Plaintiff will testify about the accident and his injuries under cross-examination.

(3) William Witness
130 Mulberry Street
Baton Rouge, Louisiana

This is an eyewitness and will testify about the accident.

(4) Dr. John Smith
Ascension General Hospital
290 Worthy Road
Gonzales, Louisiana

The plaintiff's former treating physical will testify about his health prior to and after the accident.

(5) Sgt. Tom Trooper
Baton Rouge Police Department
Baton Rouge, Louisiana

Sgt. Trooper will testify about his investigation of the accident.

## 9. AMENDMENTS

None.

## 10. ADDITIONAL MATTERS

1. This matter is designated as a **jury** trial.

2. The parties estimate the case can be tried in one day and have considered the possibility of settlement.

3. Plaintiff's presentation of evidence will require 1 day (or you may denote hours). Defendant's presentation of evidence will require 4 hours.

_____     _____
**DATE**                                                                  **ATTORNEY FOR PLAINTIFF**

_____     _____
**DATE**                                                                  **ATTORNEY FOR DEFENDANT**

EXAMPLE